**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| LANCE PHILLIPS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-152-JDK |
| | § | |
| NEAL FRANKLIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Lance Phillips brought this civil rights lawsuit against Defendants Neal Franklin; Smith County, Texas; Sheriff Larry Smith; and Lieutenant Matthew Lazarine for preventing him from speaking on the topics of his choosing at several Commissioners Court meetings in 2023 and 2024. Following discovery, the individual Defendants moved for summary judgment based on qualified immunity. Docket No. 16.

As explained below, the Court **GRANTS** the motion. Phillips has failed to show that Defendants violated his First Amendment rights by insisting that he speak on the relevant agenda items and follow the rules of decorum. Nor did Defendants violate the Fourth Amendment by arresting Phillips when he refused to do so. Accordingly, Counts I, II, III, IV, and V are **DISMISSED with prejudice**.

## I. Background

Lance Phillips describes himself as a "citizen who became actively involved in politics at the county level" after the "unjust" arrest of his mother and brother. Docket No. 1 at 3. Phillips's "involvement" created a series of events beginning in

May 2023 and culminating in Phillips's arrest at a meeting of the Smith County Commissioners Court in April 2024. *See, e.g.*, Docket No. 16, Exs. C.1–C.9. The clashes between Phillips and the Court during this time frame—and their consequences—are the basis of Phillips's claims here.

**A. The Commissioners Court**

The Constitution of the State of Texas establishes a County Court as the system of government for Texas's counties and establishes the office of County Judge as the presiding officer of the County Court. *See* TEX. CONST. art. V §§ 15, 16. The Constitution further subdivides each county into "four commissioners precincts in each of which there shall be . . . one County Commissioner." *Id.* art. V § 18(b). "The County Commissioners . . . with the County Judge as presiding officer[] shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State . . . ." *Id.*

County business is conducted at meetings of the Commissioners Court. *Id.* And according to Section 551.002 of the Texas Government Code, "[e]very regular, special, or called meeting of a governmental body shall be open to the public . . . ." The Smith County Commissioners Court thus posts a public agenda prior to every meeting. Docket No. 16, Ex. A (affidavit of Neal Franklin (herein, "Franklin Affid.")). The publicly-posted agendas for each of the nine Commissioners Court meetings at issue here were submitted as evidence. *See id.* A.1–A.9. Each noted that an opportunity for public comment would be provided:

> Members of the public who have previously filled out a participation form have an opportunity to address the Commissioners Court on agenda items. The Court is unable to deliberate on nonagenda items. . . . Please be mindful of the Commissioners Court Rules of Procedure, Conduct and Decorum when making your comments and/or attending public meetings.

*Id.*, Ex. A.1. The Commissioners Court Rules of Procedure, Conduct, and Decorum regulate the public-comment period by requiring speakers to submit a "Public Participation Form" ahead of time, limiting speakers to "a maximum of three (3) minutes to make his/her remarks," requiring speakers to "conduct themselves with proper respect in speaking before the Court," and warning speakers who refuse to comply with the Rules that they "will be ordered to leave the meeting." Docket No. 16, Ex. A.10 (herein, "the Rules").

As noted above, Judge Neal Franklin is the County Judge of Smith County and thus the presiding officer of meetings of the Commissioners Court. Sheriff Larry Smith, the Sheriff of Smith County, was present during at least one of the meetings at issue here. Defendant Lieutenant Matthew Lazarine was the designated bailiff for the Court's meetings and was present for the relevant events. Docket No. 16, Ex. C (Affidavit of Matthew Lazarine (herein, "Lazarine Affid.")).

**B. The Meetings**

All Commissioners Court meetings are live-streamed on the internet, recorded, and made available to the public on the County's website, along with the meeting Agendas. Franklin Affid. at 4. Video footage for the entirety of each meeting at issue was submitted by Defendants. Lazarine Affid., Exs. C.1–C.9. For at least one meeting, bodycam footage is also available. While the Court typically "review[s]

summary judgment evidence in the light most favorable to the nonmoving party[,] . . . when video footage captures the incident at issue, [the Court] rel[ies] on the facts depicted in the footage." *McVae v. Perez*, 120 F.4th 487, 491 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2753, 222 L. Ed. 2d 1044 (2025) (citing *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)).

Phillips challenges his treatment at nine meetings and one "protest," which the Court describes in detail below.

**1. May 2, 2023 Commissioners Court Meeting**

Before the Court's May 2, 2023 meeting, Phillips submitted a public-participation form indicating that he intended to speak on Agenda Item 3, which was to "[c]onsider and take necessary action to authorize the County Judge to sign" various "replat[s]" of residential properties in Smith County. Ex. C.1; Franklin Affid. at A.1.

At the podium, however, Phillips attempted to "correct the slander about my family on and for the record." Ex. C.1 at 2:13. Judge Franklin immediately interrupted Phillips and told him that, "if it's not on the replats, you cannot speak." *Id.* at 2:25. Phillips then passed out a printed document and returned to his seat. Shortly thereafter, Phillips called out from the gallery, whereupon Judge Franklin told him not to "call out from the crowd." *Id.* at 3:06. The video shows that Lt. Lazarine then leaned over to Phillips, tapped him on the shoulder, and gestured his index finger towards his lips in a sign to be quiet. Phillips stood up and left the gallery on his own. *Id.* at 3:11; Ex. D at 1:05–1:10.

**2. May 9, 2023 Commissioners Court Meeting**

A week later, on May 9, 2023, Phillips was again present at the Commissioners Court meeting. One of the agenda items was a report on the Smith County Jail "operations, inmate population, employee overtime, and employee vacancies." Ex. A.2 at 3. A public-comment participant spoke on the item for a minute and a half before Judge Franklin told her she would have to stop speaking off topic. At this point, Phillips began to yell at Judge Franklin, at least three times, from the gallery to "let her speak." Ex. C.2. at 5:40; Ex. E at 0:18–0:23. Thereafter, an unidentified sheriff's deputy walked over to Phillips and commanded him, several times, to "step out." *Id.* at 0:34. Phillips continued to speak, did not comply with the officer's orders, and wedged himself on the floor between the pew and the pew back in front of him. *Id.* The deputy and Lt. Lazarine then forcibly removed Phillips from the courtroom. *Id.* at 1:00.

**3. January 2, 2024 Commissioners Court Meeting**

For the January 2 meeting, Phillips submitted a request to comment on Agenda Item 2, which was to "[c]onsider and take necessary action to authorize the District Attorney to approve payment of accrued compensatory time and overtime from December 1, 2023, through May 1, 2024." Franklin Affid., Ex. A.3.

After being invited to the podium, Phillips again addressed matters beyond the scope of the agenda item, stating that "[a] current sitting Smith County Judge has granted a motion to initiate a full investigation into the Smith County District Attorney's Office due to many intentional false and misleading statements coming

from the DA's Office." Ex. C.3 at 4:30. Judge Franklin interrupted Phillips to warn him that "this has to be about the comp time," and then a few second later, "I'm going to stop you right there." *Id.* at 4:48–5:07. Phillips protested but walked back to the gallery. *Id.* at 5:17. Judge Franklin then "remind[ed] everyone during this public comment that you must speak on the agenda items." *Id.* at 5:30–5:37. When Phillips continued speaking from the gallery, two deputies moved toward Phillips and gestured at him to leave the room. Phillips resisted, saying "I'm not leaving." Ex. C.12 (Bodycam footage) at 1:17. Three deputies then physically removed Phillips from the courtroom as he continued yelling in protest. *Id.*

Phillips was later charged with hindering an official proceeding, Docket No. 16, Ex. F, for which he was convicted, *id.*, and sentenced to one year in the Smith County jail and a fine of $4,000. His conviction was sustained on appeal. Docket No. 16, Ex. G.

**4. February 23, 2024 Commissioners Court Meeting**

Phillips was present at the February 23 Commissioners Court meeting and submitted a request to comment on Agenda Item 3, which was to "[c]onsider and take necessary action to approve and/or ratify payment of accounts, bills, payroll, transfer of funds, amendments, and health claims." Franklin Affid., A.4.

At the podium, Phillips first addressed "the law enforcement presence in here," which Phillips claimed, was "trying to intimidate, to squash." Ex. C.4 at 8:10. Judge Franklin reminded Phillips that "you gotta get on this agenda item." *Id.* at 8:43. Phillips then complained about his previous arrest and his perceived mistreatment

by Lt. Lazarine. Judge Franklin responded, "Mr. Phillips you're not on the agenda item. . . . You're done." *Id.* at 9:26.

Phillips then returned to the gallery.

**5. February 27, 2024 Commissioners Court Meeting**

At the February 27 meeting, Phillips submitted a request to comment on Agenda Items 1, 2, 3, 7, 8, and 10, which covered employee recognitions, the approval of government contracts, the approval of prior meeting minutes, and the ratification of certain payments. Franklin Affid., A.5.

At the podium, however, Phillips first referenced a book he had placed there and then addressed Commissioner Terry Phillips, stating: "Mr. Phillips, would you please stand by your push card and tell this tyrant [gesturing towards Judge Franklin] to shut up?" Ex. C.5 at 11:33. Judge Franklin then cut Phillips off, reminding Phillips that "[i]t says in our decorum you must be respectful." *Id.* at 11:50.

Phillips returned to the gallery.

**6. March 12, 2024 Commissioners Court Meeting**

At the March 12 meeting, Phillips submitted a request to comment on Agenda Item 4—"Consider and take necessary action to approve the FY2025 Office of the Governor's Homeland Security Division, Texas Anti-Gang Center grant application and resolution, and authorize the County Judge to sign all necessary documentation." Franklin Affid., A.6.

During the public-comment period, Phillips spoke at length about his suspicions that the Texas Anti-Gang Unit was surveilling him and others. Ex. C.6.

at 2:57–3:57. Phillips then stated that he wanted to be "put on the mental health board, I would like to be nominated for that." *Id.* at 4:00. When asked to stay on topic, Phillips replied that he "only get[s] thirty seconds every time I come to speak to you" and proceeded to describe his travel schedule for the Court. Judge Franklin replied that Phillips would "get three minutes if you stay on the subject." *Id.* at 4:19. Phillips then complained about Sheriff Smith's alleged mistreatment of Phillips's brother, stating that "Larry Smith is the gang member." *Id.* Phillips next detoured into discussing two people who were "attacking" other people "in the courthouse lobby" and stating that someone "makes 108,000 dollars to attack me." *Id.* at 4:54.

Judge Franklin then told Phillips to leave, and he did so without further incident.

**7. March 19, 2024 Commissioners Court Meeting**

For the March 19 meeting, Phillips requested to comment on Agenda Item 4, which was to "[c]onsider and take necessary action to ratify the 2024 MVCPA Catalytic Converter Program Grant application for the benefit of the East Texas Auto Theft Task Force . . . ." Ex. C.7.

At the podium, Phillips complained that "[c]ops can come in your home without a warrant according to Clay White," stated that "gold and Bitcoin are at an all-time high," and questioned "our county's finances whenever the dollar is failing." *Id.* at 3:34–3:48. Judge Franklin then dismissed Phillips from the podium, and Phillips returned to the gallery.

**8. March 26, 2024 Commissioners Court Meeting**

Phillips was present at the March 26 meeting and submitted a request to comment on Agenda Item 1—"Consider and take necessary action to adopt a resolution proclaiming April 2024 as 'Child Abuse Prevention Month' in Smith County." Ex. C.8.

As expected, Phillips did not address the agenda item but recalled "a fake news story this week that said SIDS and shaken-baby syndrome is making a comeback," claimed that "I have been abused by this county and so has Daryl Davis," and questioned "the vaccine ingredients that are causing the transgender kids." *Id.* at 5:28. Judge Franklin stopped Phillips, who reluctantly returned to his seat in the gallery. *Id.* at 6:21.

**9. April 2, 2024 Commissioners Court Meeting**

At the April 2 meeting, Phillips submitted a request to comment on Agenda Items 1, 2, and 8, which covered resolutions proclaiming "Sexual Assault Awareness Month" and "National Public Health Week," as well as a report on the status of Smith County jail operations, inmate population, employee overtime, and employee vacancies. Franklin Affid., A.9.

At the podium, Phillips began speaking about his Christian faith and then, when reminded to "stay on the agenda items," said that "I want to talk about the sexual assault that's going on with the rape of the penises of the children, the circumcision that's going on . . . ." Ex. C.9 at 6:56. Judge Franklin then interrupted Phillips, telling him "You're done. You're done. You're done." *Id.* at 6:58. As Phillips

began walking back to the gallery, he turned and raised his middle finger at Judge Franklin. *Id.* at 7:05. Three deputies moved toward and put their hands on Phillips, who began struggling and shouting. Judge Franklin orally moved to hold Phillips in contempt, and the deputies carried Phillips out of the courtroom. In the struggle, Phillips and one or more deputies fell to the ground. Ex. H at 2:24.

The motion to hold Phillips in contempt passed, and a written contempt order was later issued imposing 24 hours in jail as punishment. Docket No. 16, Ex. A.11. Phillips was also later charged with and convicted of assault on a peace officer for which he was sentenced to a term of imprisonment of ten years, probated to seven, with a $10,000 fine. Docket No. 16, Ex. I.

**10. August 19, 2024 Protest**

On August 19, 2024, Phillips and several others "protested" on the sidewalk outside the Smith County Courthouse. Docket No. 16, Ex. K (Protest Photo and Video). Beyond the video evidence, the only descriptions of this event are in Phillips's complaint. Phillips claims that a "judge issued an order warning protesters about engaging with potential jurors" and that "Defendant Lazarine took the order with him to the protesters and falsely informed Mr. Phillips and other protesters that the order stated Mr. Phillips and the other citizens could not protest on the public sidewalk or they would be arrested." *Id.* ¶¶ 69, 70.

**C. Subsequent Proceedings**

Phillips filed this lawsuit on May 4, 2025. Docket No. 1. As noted, the complaint names as Defendants Judge Franklin; Sheriff Larry Smith; Smith County,

Texas; and Lt. Matthew Lazarine. Count I alleges a violation of Phillips's First Amendment rights; Count II alleges a violation of his Fourth Amendment rights; Count III asserts that Defendants Smith and Lazarine failed to adequately supervise their subordinates; Count IV alleges a violation of Phillips's Ninth Amendment rights; Count V claims a conspiracy to violate Phillips's constitutional rights; Count VI sets forth a state-law intentional infliction of emotional distress claim; and Count VII alleges that Defendant Smith County has a policy to silence the speech of critics (*Monell* liability).

In their summary judgment motion, the individual Defendants assert that they are entitled to qualified immunity on Counts I–V.

## II. Analysis

As explained below, Phillips fails to prove that any Defendant violated his constitutional rights. The Court thus agrees that Defendants are entitled to qualified immunity.

### A. Legal Background

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is material only if it will affect the outcome of the case, and a dispute is genuine only if the evidence could lead a reasonable jury to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Although the movant typically bears the burden of showing there is no dispute of material facts, *id.* at 256, a "good-faith assertion of qualified immunity alters the usual summary judgment burden of proof, shifting it to the plaintiff to show that the defense is not available," *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016) (internal quotation omitted). To satisfy this burden, the plaintiff must "identify specific evidence in the summary judgment record demonstrating that there is a material fact issue concerning the essential elements of its case for which it will bear the burden of proof at trial." *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

"Qualified immunity provides government officials with immunity from suit—not merely a defense to liability for civil damages—'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Brothers v. Zoss*, 837 F.3d 513, 517 (5th Cir. 2016) (quoting *Pearson v. Callahan*, 555 U.S. 233, 231 (2009)). The Court applies a well-established two-part test: "(1) whether the plaintiff has alleged a violation of an actual constitutional right; and (2) if so, whether the right was clearly established at the time of the violation." *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016). Both questions are matters of law. *Id.* (citing *Brothers*, 837 F.3d at 517 & n.8).

The answer to the first question—whether Phillips has established a violation of an actual constitutional right—is dispositive here.

**B. Phillips's First Amendment rights were not violated.**

Phillips contends in Count I that Defendants engaged in viewpoint discrimination by preventing him from speaking off-topic at Commissioners Court meetings. Docket No. 1 ¶¶ 78–88.

The parties agree that the Smith County Commissioners Court is a "limited public forum." Docket No. 16 at 21; Docket No. 20 at 2. Viewpoint discrimination is, of course, prohibited by the First Amendment even in a limited public forum. *See Robinson v. Hunt Cnty., Texas*, 921 F.3d 440, 448 (5th Cir. 2019) ("The First Amendment 'forbid[s] the State to exercise viewpoint discrimination" in either [a limited or designated public forum], 'even when the limited public forum is one of its own creation.'" (quoting *Rosenberger v. Rector and Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995))). But not every restriction is viewpoint discrimination. When "a unit of government creates a limited public forum for private speech . . . some content- and speaker-based restrictions may be allowed." *Matal v. Tam*, 582 U.S. 218, 243 (2017) (citations omitted). For example, the government may confine its meetings to a specified subject matter. *See Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 759 (5th Cir. 2010). The government may also limit the type of speech in a limited public forum. *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106 (2001) (The government "is not required to and does not [have] to allow persons to engage in every type of speech."). Indeed, "[t]he State may be justified in reserving its forum for certain groups or for the discussion of certain topics." *Id.* (alterations and quotations omitted). Put differently, "[t]he government can restrict or regulate speech in a

limited public forum 'as long as the regulation (1) does not discriminate against speech on the basis of viewpoint and (2) is reasonable in light of the purpose served by the forum.'" *Heaney v. Roberts*, 846 F.3d 795, 802 (5th Cir. 2017) (quoting *Fairchild*, 597 F.3d at 758).

Phillips has not shown that Defendants' restrictions on his speech at the Commissioners meetings were improper viewpoint discrimination. Rather, as set forth in detail above, Defendants cut Phillips off only because he repeatedly refused to speak about the designated topics or because he violated the rules of decorum. *See supra*, 5–10. For example, instead of talking about certain re-platted neighborhoods in the May 2, 2023 meeting, Phillips spoke about "slander" against his family. Docket No. 16, Ex. C.1 at 2:13. And rather than speaking about budget matters as required during the February 27, 2024 meeting, Phillips referred to Judge Franklin as a tyrant, said that Judge Franklin should "shut up," and talked about political mailers distributed by one of the other commissioners. *Id.*, Ex. C.5 at 11:33. Time and again, Judge Franklin allowed Phillips to speak, reminded him to stay on topic, and shut Phillips down only when Phillips refused to comply with the forum's viewpoint-neutral restrictions. *See, e.g.*, Docket No. 16, Ex. A.10 ("Public comment is limited to comments about an item or items on the Commissioners Court agenda for that particular meeting.").

Phillips has thus failed to establish a violation of his First Amendment rights. *See, e.g.*, *Heaney*, 846 F.3d at 802 ("[T]opic or time constraint[s]" are "reasonable restriction[s]" which, if violated by the speaker, may be enforced without constituting

a "constitutional violation."); *Johnson v. City of Yoakum, Texas*, 2025 WL 2411605, at *12 (S.D. Tex. Aug. 19, 2025) (holding same and explaining that "[a] claim of viewpoint discrimination requires a plaintiff to show that the defendant acted with a viewpoint-discriminatory purpose." (alterations and quotations omitted)).[1]

Defendants are thus entitled to qualified immunity on Count I.

**C. Phillips's Fourth Amendment rights were not violated.**

In Count II, Phillips alleges that Defendants Franklin, Lazarine, and Smith violated his Fourth Amendment rights by unlawfully seizing him when they removed him from meetings and, in some instances, arrested him.

To establish a claim under § 1983 for unreasonable seizure, Phillips must demonstrate that (1) he was seized within the meaning of the Fourth Amendment and (2) such seizure was unreasonable. *See Brower v. Cnty. of Inyo*, 489 U.S. 593, 599 (1989). A "person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Carroll v. Ellington*, 800 F.3d 154, 170 (5th Cir. 2015) (quoting *United States v. Mendenhall,* 446 U.S. 544, 554 (1980)). For the second prong, the general rule is that a Fourth Amendment seizure is reasonable if based on probable cause. *Bailey v. United States*, 568 U.S. 186, 192 (2013). That is, if probable cause exists, a claim for unreasonable seizure fails. *See*

---

[1] In his complaint, Phillips briefly alleges that "other citizens were treated differently than Mr. Phillips by [being allowed] to continue speaking 'off topic' because they did not criticize Defendants the way that Mr. Phillips did." Docket No. 1 ¶ 82. Phillips, however, fails to cite any evidence of such treatment. In fact, the evidence shows the opposite—that other speakers addressed the relevant agenda items and that those who spoke off-topic were interrupted and prohibited from doing so. *See, e.g.*, Ex. C.2. at 5:30 (Judge Franklin cutting off a speaker when she did not speak on an agenda item); Ex. C.5 at 5:07 (same); Ex. C.5. at 7:24–7:41 (same); Ex. C.2 at 12:50–13:01 (same).

*Connors v. Graves,* 538 F.3d 373, 377 (5th Cir. 2008) ("[Plaintiff] cannot prevail on his claim for invalid seizure unless he proves that the officers lacked probable cause." (citation omitted)); *Clark v. Thompson*, No. 20-10568, 850 Fed. Appx. 203, 210 (5th Cir. Mar. 9, 2021) ("The 'constitutional torts' of false arrest, unreasonable seizure, and false imprisonment also require a showing of *no probable cause*." (quotation omitted)).

Phillips fails to establish an unreasonable seizure. As an initial matter, any challenge to Phillips's arrests on January 2, 2024, and April 2, 2024, are barred by *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Under *Heck*, "'when a plaintiff alleges tort claims against his arresting officers, the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Shipman v. Sowell*, 766 F. App'x 20, 27 (5th Cir. 2019) (quoting *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 652 (5th Cir. 2007) (alterations omitted)). And here, Phillips was convicted in state court of disrupting an official proceeding arising out of his January 2 arrest and for assaulting a peace officer arising out of his April 2 arrest. A finding that the officers arrested Phillips without probable cause would necessarily imply the invalidity of those convictions. *See Hainze v. Richards,* 207 F.3d 795, 798 (5th Cir. 2000) (holding that "based on *Heck,* an excessive force claim under § 1983 is barred as a matter of law if brought by an individual convicted of aggravated assault related to the same events"); *Woodard v. Paxton*, 2026 WL 1712270, at *3 (W.D. Tex. Mar. 27, 2026) (holding that *Heck* barred plaintiff's suit requesting prospective relief from prosecution under Texas

Penal Code § 42.05); *cf. Lewis v. City of Waxahachie*, 465 F. App'x 383, 385 (5th Cir. 2012) (applying *Heck* to a conviction for civil contempt). Further, in any event, Phillips fails to demonstrate why the officers lacked probable cause for the two arrests preceding these convictions.

As for Phillips's arrest on May 9, 2023, which did not result in a conviction, Phillips has failed to show that the officers lacked probable cause. An officer has probable cause to arrest someone if he has "more than mere suspicion that a crime has been committed." *E.g.*, *United States v. Gordon,* 580 F.2d 827, 832–33 (5th Cir. 1978); *see also Brinegar v. United States*, 338 U.S. 160, 175 (1949) (arresting officer must have reasonable grounds for belief in guilt). At the May 9 meeting, Phillips was arrested and charged for violating Texas Penal Code § 42.05, which prohibits disrupting a lawful meeting, procession, or gathering by physical action, verbal utterance or electronic disturbance. Video footage of the incident shows that the arresting officers had reason to believe that Phillips violated § 42.05. Docket No. 16, Ex. E. In the video, Phillips shouts at the Court from the gallery several times during another person's speaking time. *Id.* 0:17. The shouting plainly disrupted an ongoing Commissioners Court meeting. *Id.*

Finally, Phillips claims that he was "arrested" on August 19, 2024, "in retaliation for the protected act of allegedly holding a sign on a sidewalk near the courthouse," Docket No. 20 at 13. But Phillips cites no evidence that this incident ever happened. Rather, according to the summary judgment record, the last time Phillips was arrested was April 2, 2024. Docket No. 16, Ex. C.13. Phillips also states

that he was "threatened with arrest" "on multiple occasions," Docket No. 20 at 12, but he again fails to support this claim. In fact, after reviewing the video footage of the Commissioners Court meetings, the Court has found no incident in which Judge Franklin or any other member of the Court told Phillips he would be arrested for speaking. Rather, the opposite is true—Phillips was free to leave and did leave the podium and return to the gallery on numerous occasions. *E.g.*, Docket No. 16, Ex. C.1.

Defendants are thus entitled to summary judgment on Count II.

### D. Phillips has not shown a constitutional violation to support his failure-to-train or conspiracy claims.

Count III alleges that Defendants Smith and Lazarine failed to supervise their subordinates "in respecting citizens' First Amendment rights during public meetings." Docket No. 1 ¶ 104. And Count V alleges that Defendants Franklin, Smith, and Lazarine "conspired with each other to pass and enforce [an] unlawful policy" and "to violate Mr. Phillips' [constitutional] rights." *Id.* ¶¶ 115–122.

Defendants are entitled to summary judgment on these Counts for the same reasons they're entitled to summary judgment on Counts I and II: Phillips has not proven an underlying constitutional violation. *See Winder v. Gallardo*, 118 F.4th 638, 647 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2816, 222 L. Ed. 2d 1099 (2025) ("Even assuming arguendo that there was a failure to supervise, Appellants cannot succeed at the second step because no violation of rights occurred."); *See Warson v. Walt Disney Co.*, 193 F.3d 520 (5th Cir. 1999) ("In the absence of civil rights violations . . .

there can be no conspiracy to violate such rights. And without a conspiracy, there can be no viable claim under section 1985.").

Further, in opposing summary judgment, Phillips does not even mention Counts III and V, much less defend them. Phillips has thus abandoned these claims. *See Aldrup v. Caldera*, 274 F.3d 282, 288 (5th Cir. 2001) (holding that non-movant waived claim not addressed in responding to summary judgment motion); *Van-Zandt Reiss v. Bank of New York Mellon*, 2026 WL 1346922, at *10 (N.D. Tex. May 13, 2026) ("When a plaintiff fails to defend a claim in response to a motion to dismiss or summary judgment motion, the claim is deemed waived or abandoned." (citation omitted)).

**E. There is no cognizable Ninth Amendment claim.**

In Count IV, Phillips alleges that Defendants Franklin, Lazarine, and Smith violated Phillips's "liberty interest in attending County Commissioner Court meetings for the purpose of holding his government accountable and being informed on how [the] government is acting on his behalf." Docket No. 1 at ¶¶ 108–14. Defendants moved for summary judgment on Count IV, asserting qualified immunity for the same reason they are entitled to immunity on Phillips's First Amendment claim. Docket No. 16 at 30. Further, the Ninth Amendment "does not confer substantive rights upon which civil rights claims may be based." *Johnson v. Tex. Bd. of Crim. Justice*, 281 F. App'x 319, 320 (5th Cir. 2008). In his opposition, Phillips makes no effort to defend this claim and has thus abandoned it. *See Aldrup*, 274 F.3d at 288; *Van-Zandt Reiss*, 2026 WL 1346922, at *10.

Accordingly, Defendants are entitled to summary judgment on Count IV.

## III. Conclusion

For the reasons stated above, Defendants' motion (Docket No. 16) is **GRANTED**. Counts I, II, III, IV, and V are **DISMISSED with prejudice**.

So **ORDERED** and **SIGNED** this **26th** day of **August, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE